# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

———————

No. 25-40019
Summary Calendar

———————

Aaron A. Soto,

*Plaintiff—Appellant*,

*versus*

City of McAllen,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CV-151

———————————————————

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Aaron Soto appeals from the district court's grant of summary judgment to the City of McAllen on his 42 U.S.C. § 1983 claim for municipal liability arising from a 2016 excessive-force incident. We detailed that incident in a prior appeal. *See Soto v. Bautista*, No. 21-40803, 2023 WL 2624785, at *1 (5th Cir. Mar. 24, 2023). Briefly, two City police officers used

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40019

excessive force against Soto during a 2016 DWI arrest—including slamming him to the ground, pinning him, and kicking him while he was handcuffed—causing facial fractures and other injuries. *Id.* Soto brought Fourth and Fourteenth Amendment excessive-force claims against both officers under § 1983. Relevant here, he also asserted *Monell*[1] claims against the City, alleging it bears independent responsibility for the incident because its written use-of-force policy was too vague, and it failed to train officers adequately.

The City moved for summary judgment, emphasizing that its written use-of-force policy condones only reasonable, not excessive, force. That policy states, "police officers shall only use that force that appears reasonably necessary to effectively bring an incident under control while protecting the lives of the officer or others," and lists parameters for non-deadly force. The district court orally granted the City's motion at the parties' summary-judgment hearing, finding no evidence of a policy or custom authorizing excessive force nor a pattern of excessive force by City police officers. Soto later settled his remaining claims against the officers, voluntarily dismissed those claims with prejudice under Rule 41(a), and now appeals.

Our review is de novo. *Peterson v. City of Fort Worth*, 588 F.3d 838, 844 (5th Cir. 2009). To overcome summary judgment on his *Monell* claims, Soto must establish a genuine dispute of material fact that an official policy promulgated by a municipal policymaker was the moving force behind the violation of a constitutional right. *Id.* at 847 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Soto contends (1) that the City's use-of-force policy is so vague and indeterminate that it effectively authorizes unconstitutional force and (2) that its failure to adequately train officers on

---

[1] *Monell v. Dep't of Soc. Servs. New York*, 436 U.S. 658 (1978).

what constitutes excessive force under the policy creates an obvious risk of unconstitutional force to which the City was deliberately indifferent. We disagree.

*First*, no reasonable jury could find that the City's written use-of-force policy authorized the constitutional violation. It is undisputed that the policy limits officers to force that is "reasonably necessary to effectively bring an incident under control while protecting the lives of officers and others." This policy was in effect at the time of the excessive-force incident, and Soto concedes both officers involved were either terminated or resigned following disciplinary proceedings for violating the use-of-force policy, among others. Soto's contention—that best practices would include more granular prescriptions—does not establish that the written policy *itself* was unconstitutional. *See Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (holding that municipal liability could not be premised on an alleged policy where the policy neither facially violated the asserted constitutional right nor purported to authorize the unlawful conduct).

*Second*, Soto has not established his claim that the City failed to adequately train its officers thereby creating an obvious risk of excessive force to which the City was deliberately indifferent. "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997)). Rather, "deliberate indifference usually requires at least a pattern of similar incidents in which the citizens were injured, and [a] narrow single incident exception has applied when the court finds a *complete failure to train*, not just a failure to train in one limited area." *Peterson*, 588 F.3d at 849 (emphasis added) (internal quotations omitted) (citing *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir.

No. 25-40019

2005)). Soto identifies neither a pattern of similar incidents nor a complete training omission. Accordingly, he fails to raise a triable fact issue on deliberate indifference. *See City of Canton v. Harris*, 489 U.S. 378, 390–92 (1989).

 AFFIRMED.